PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2006 Chrysler 300 struck a hole while he was driving east on 1-64 in Charleston, Kanawha County. 1-64 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at 12:15 p.m. on December 14, 2007. 1-64 is a six-lane highway with three eastbound and three westbound lanes. The posted speed limit is sixty miles per hour. Claimant’s speed was approximately sixty miles per hour. At the time of the incident, claimant was driving past the Oalcwood Road *115 exit and was preparing to take the Lee Street Exit. Since his vehicle was located in the center lane, he needed to change lanes in order to take the exit. Claimant testified that there was a lot of traffic on the road at this time. As he was driving towards Laidley Towers in the center lane, his vehicle struck a hole in the road. Although claimant travels this road every day, he did not notice the hole before this incident occurred. He observed that the hole was approximately two to three feet wide and eight inches deep. The claimant cautiously maneuvered his vehicle to the side of the road, and he immediately contacted respondent from the site of the incident. Claimant’s vehicle sustained damage to the passenger’s side tires and rims. The estimate for replacing the damaged tires amounts to $854.15, and the estimate for replacing the damaged rims is $1,150.00. Since claimant’s insurance deductible is $1,000.00, his recovery is limited to that amount.
The position of the respondent is that it did not have notice of the hole immediately before the incident, and it responded in a timely manner after the incident occurred. Stephen Wayne Knight, Transportation Crew Supervisor for respondent in Kanawha County, testified that 1-64 is a high priority road in terms of maintenance. Mr. Knight first became aware of the problem in this area in mid- November. He explained that a portion of the section of highway is located on a bridge. Fifteen years ago, a section of the concrete in this area was milled off and replaced with latex. Around November of 2007, the latex reached its maturity date causing the latex to come out of the road’s surface. Prior to this incident, respondent had to shut down the lanes of traffic to remove some of the latex and replace it with new concrete. However, when the weather became colder, respondent used cold mix to patch this area.[13] Mr. Knight stated that one or two days before claimant’s incident, respondent patched the holes on this road with cold mix. His crews monitored this area approximately three to four times a week. Mr. Knight further stated that his crew only performs bridge deck repair when the bridge crew is unavailable.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court finds that respondent had, at the least, constructive notice of the hole that claimant’s vehicle struck, and that the hole presented a hazard to the traveling public on 1-64 in Kanawha County. The Court finds that respondent was aware that the latex had reached its maturity date. The location of the hole on a heavily traveled portion of the interstate, where vehicles travel at high speeds, leads the Court to conclude that respondent had constructive notice of the condition on 1-64. Mr. Knight testified that this portion of 1-64, which runs through the center of Charleston, is of the highest priority in terms of maintenance. Despite respondent’s attempts to patch the hole in this area, the patchwork was inadequate when this incident occurred. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his *116 vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $1,000.00.
Award of $1,000.00.

 Mr. Knight explained that cold mix is generally used during the winter months when hot mix is unavailable. Hot mix typically sets up in forty-five minutes to an hour whereas cold mix does not set up, it compacts to harden.